UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA KENNEDY, individually,

    Plaintiff,

v.      Case No: 2:16-cv-635-FtM-99MRM

SWF INVESTMENTS, L.L.C.,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Entry of Default Judgment (Doc. #23) filed on June 27, 2017. No response has been filed and the time to do so has expired. For the reasons set forth below, the motion is denied.

**I.**

On August 15, 2016, Patricia Kennedy filed a Complaint alleging violations of Title III of the Americans with Disabilities Act (ADA). (Doc. #1.) As alleged in plaintiff's Complaint, Kennedy, a resident of Broward County, Florida, is disabled as defined by the ADA and uses a wheelchair for mobility purposes. (Id. at ¶ 1.) On a date unknown, Kennedy visited the San Carlos Plaza in Lee County, Florida and encountered barriers to access. (Id. at ¶ 8.) Plaintiff fails to identify any particular businesses the visited while at the Plaza, but alleges that her access and/or full and equal enjoyment of the goods and services

offered by the defendant's facility and was denied and/or limited because of her disabilities and will be denied and/or limited in the future unless the barriers to access found on the premises are removed. (Id. at ¶¶ 12-13.) Plaintiff states that she is a frequent visitor to the areas where defendant's property is located and intends to visit the premises in the near future to avail herself of the goods and services offered at the property and to determine whether the property is ADA compliant. (Id. at ¶ 8.) A "preliminary inspection" of the plaza showed specific barriers to access listed in paragraph 7 of the Complaint. The Complaint states that the list is "not exhaustive." (Id. at ¶ 7.)

**II.**

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.... A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." Nishimatsu Constr. Co., Ltd., v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted).[1] The sufficiency standard is that "necessary to survive a motion to dismiss for failure to state a claim." Id.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Even construing the Complaint liberally, plaintiff does not identify where in the shopping plaza she encountered the barriers. Although a plaintiff is not required to plead with great specificity, the vague and general allegations of the Complaint (specifically paragraph 7) would make it nearly impossible for the defendant to answer the allegations.

In addition, the Court notes that plaintiff states at paragraph 16 that "paragraph 7 is not an exclusive list of defendant's ADA violations," and that "plaintiff requires the inspection of defendant's place of accommodation in order to photograph and measure all the discriminatory acts violating the ADA and all of the barriers to access." (Doc. #1, ¶ 16.) Because plaintiff is requesting that the cost of the expert's review, inspection, and report be awarded in its Motion (Doc. #23-3), the Court assumes that this inspection has already taken place. Yet plaintiff's Motion for Default Judgment only requests that the Court's entry of judgment mandate that defendant bring its facility into full compliance with the ADA. Any future request for judgment should include what goods, services, and facilities need to be brought into compliance with the ADA, which plaintiff is presumably aware of from its expert's report.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Entry of Default Judgment (Doc. #23) is **DENIED** with leave to amend the Complaint to properly state a claim for relief.

2. Plaintiff's Complaint (Doc. #1) is **dismissed without prejudice** to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order. If no Amended Complaint is filed, the case will be dismissed without prejudice and without further notice.

**DONE and ORDERED** at Fort Myers, Florida, this ___21st___ day of August, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record